# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY D. NELSON, : | |
| : | |
| Plaintiff, : | Civil Action No.:   18-1880 (RC) |
| : | |
| v. : | Re Document No.:   63 |
| : | |
| ANTONY J. BLINKEN, Secretary of State, : | |
| : | |
| Defendant. : | |

## MEMORANDUM OPINION

### DENYING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL; ORDERING SUPPLEMENTAL BRIEFING

## I. INTRODUCTION

Pro se Plaintiff Timothy Nelson brings this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, against the Secretary of State alleging that the United States Department of State engaged in unlawful employment actions against him. Specifically, Nelson's complaint alleges claims for retaliation for protected activity as well as discrimination motivated by his religion and his spouse's national origin. Before the Court is Defendant's Motion for Partial Dismissal, ECF No. 63 ("Mot. to Dismiss"). Plaintiff filed an opposition memorandum, ECF No. 64 ("Opp."), to which Defendant filed a Reply, ECF No. 65. For the foregoing reasons, the Court denies the Defendant's Motion for Partial Dismissal without prejudice and orders the parties to submit supplemental briefing within thirty days.

## II. FACTUAL BACKGROUND

Timothy Nelson is employed by the U.S. Department of State ("DoS"). Compl., ECF No. 1 at 1. While employed as a Political/Military Affairs Officer by the Office of Russian Affairs, he used the Equal Employment Opportunity ("EEO") process to report bullying and the

creation of a hostile work environment by his supervisors.  Mot. to Dismiss, Ex. 1 at 4, 5; *Id.*, Ex. 2 at 1–2.  In response, Nelson alleges, his supervisors either ignored his report or intensified their bullying in retaliation for Nelson's EEO activity.  *Id.*, Ex. 1 at 4, 5.

Nelson then filed a formal EEO complaint.  *Id.*, Ex. 1.  In his formal complaint, Nelson alleged that his supervisors at DoS were engaged in unlawful retaliation for his prior protected EEO activity.  Compl. at 16[1]; Mot. to Dismiss, Ex 1 at 2–4.  Specifically, Nelson alleged that his supervisors decreased his areas of responsibility, negatively referenced his EEO activity in performance related discussions, and created a hostile work environment by isolating him, subjecting his work to extra scrutiny, and threatening his security clearance.  Compl. at 16.  An investigation by DoS, followed by a final agency decision, concluded that Nelson's complaint "did not prove that the Agency subjected him to the alleged discrimination."  *Id.*; Mot. to Dismiss, Ex. 5 at 6–7, 23–24.  Accordingly, Nelson appealed DoS's final decision to the Equal Employment Opportunity Commission ("EEOC").  Compl. at 15.  The EEOC affirmed DoS's final decision.  *Id.*  Now, Nelson has sought relief in this Court.  *See generally* Compl.

### III.  LEGAL STANDARDS

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The "[p]leadings include any 'copy of a written instrument that is an exhibit to a pleading,' such as relevant and authentic documents attached to the complaint."  *Dist. No. 1, Pac. Coast Dist., Marine Eng'rs Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 760 (D.C. Cir. 2019) (citation omitted); *see also Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) ("In determining whether a complaint states a claim, the court may consider the facts alleged in the complaint, documents attached

---

[1] When citing to the Complaint, the Court uses the page numbers generated by ECF.

thereto or incorporated therein, and matters of which it may take judicial notice."); *Latson v. Holder*, 82 F. Supp. 3d 377, 386 (D.D.C. 2015) ("Where, as here, the defendant alleges a failure to exhaust administrative remedies under Title VII . . . the Court, in addition to the pleadings, 'may only consider [the] [p]laintiff's EEOC Complaint and Notice of Charge . . . without converting the motion[] to dismiss.'" (citation omitted)).  To prevail on a Rule 12(c) motion, "the moving party must demonstrate its entitlement to judgment in its favor, even though the 'court evaluating the 12(c) motion will accept as true the allegations in the opponent's pleadings, and as false all controverted assertions of the movant.'" *Liberty Mar. Corp.*, 933 F.3d at 760–61 (citation omitted).  As relevant here, Defendant's 12(c) motion is "functionally equivalent to a Rule 12(b)(6)" motion.  *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012). The Court, therefore, accepts Nelson's allegations as true and draws "all reasonable inferences" in his favor when assessing the Secretary's 12(c) motion.  *See Liberty Mar. Corp.*, 933 F.3d at 761 (citation omitted).

## IV.  ANALYSIS

### A.  Administrative Exhaustion

The Secretary argues that he is entitled to judgment on the pleadings with respect to Nelson's religion and national origin discrimination claims because Nelson did not exhaust his administrative remedies with respect to those claims.  Mot. to Dismiss at 9.  Specifically, the Secretary contends that Nelson failed to exhaust because he did not complain of religious or national origin discrimination on his EEOC complaint form—despite the presence of checkable boxes to indicate such discrimination—or in his narrative description of his claims.  *Id.*  The Secretary also contends that Nelson did not later amend his EEOC complaint to add those claims.

*Id.* at 10.  The Court agrees that Nelson failed to formally exhaust his administrative remedies with respect to his religious and national origin discrimination claims.

"Before a federal employee can file suit against a federal agency for violation of Title VII, the employee must run a gauntlet of agency procedures and deadlines . . . ." *Crawford v. Duke*, 867 F.3d 103, 105 (D.C. Cir. 2017); 42 U.S.C. § 2000e–16(c).  This process is referred to as "exhaustion." *See e.g.*, *Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 373 F. Supp. 3d 174, 186 (D.D.C. 2019); *Crawford,* 867 F.3d at 105.  If a plaintiff has not exhausted his administrative remedies, the Court will not consider his claim.  *See Steele v. Schafer*, 535 F.3d 689, 693 (D.C. Cir. 2008).  There are several steps an employee must take to exhaust his remedies, but "the central question is whether the employee's complaint contained 'sufficient information' to put the agency on notice of the claim and to 'enable the agency to investigate' it." *Crawford*, 867 F.3d at 109 (citation omitted).  The failure to exhaust is an affirmative defense, *Mondy v. Sec'y of Army*, 845 F.2d 1051, 1058 n.3 (D.C. Cir. 1988) (citation omitted), meaning that it is the Defendant's burden to show that Plaintiff failed to exhaust his claims.  Here, the Secretary has shown that Nelson failed to formally exhaust his religious and national origin discrimination claims by demonstrating that Nelson did not include those claims in his formal EEO complaint.

Nelson submits two arguments that attempt to circumvent his failure to include religious and national origin discrimination claims in his formal EEO complaint.  First, Nelson argues that he exhausted his administrative remedies by sending the EEOC a letter—while the EEOC was reviewing his appeal—describing DoS's religious and national origin discrimination.  Opp. at 16–18; Compl. at 21.  Courts in this District have held that "informal filing is insufficient to exhaust [an employee's] claims." *Jones v. United States Dep't of Veterans Affs.*, No. 15-1384,

2019 WL 4673570, at *10 (D.D.C. Sept. 25, 2019).  This is so because "[f]iling a formal [EEO] complaint is a prerequisite to exhaustion." *Quiveors v. Mayorkas*, No. 21-CV-2790, 2022 WL 1026869, at *2 (D.D.C. Apr. 6, 2022*)* (quoting *Hamilton v. Geithner*, 666 F.3d 1344, 1350 (D.C. Cir. 2012)).  Unlike a formal amendment to an EEO complaint, Nelson's informal letter to the EEOC is insufficient to satisfy the exhaustion requirement.

Moreover, one purpose of exhaustion is "to give federal agencies an opportunity to handle matters internally whenever possible." *Brown v. Marsh*, 777 F.2d 8, 14 (D.C. Cir. 1985).  Here, Nelson filed his additional grievances in an April 15, 2016, letter—sent after both DoS's final decision on February 19, 2016, Compl. at 21, and after Nelson filed his appeal with the EEOC on March 18, 2016, Compl. at 15.  Nor did the EEOC address Nelson's letter in its opinion deciding Nelson's appeal.  Compl. at 15.  Accordingly, DoS was not "put on notice" and had no opportunity to investigate and address Nelson's new claims internally while his EEO complaint was still before the agency.[2]

Second, Nelson argues that his religious and national origin discrimination claims are reasonably related to the allegations in his EEO complaint and that they should therefore be

---

[2] EEOC regulations permit a complainant to "amend a complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint.  After requesting a hearing, a complainant may file a motion with the administrative judge to amend a complaint to include issues or claims like or related to those raised in the complaint." 29 C.F.R. § 1614.106(d).

The regulations also contemplate that an agency will have an opportunity to investigate claims added to the complaint by amendment.  29 C.F.R. § 1614.106(e) ("The agency shall acknowledge receipt of . . . an amendment to a complaint in writing and inform the complainant of the date on which the complaint or amendment was filed. . . .When a complaint has been amended, the agency shall complete its investigation within the earlier of 180 days after the last amendment to the complaint or 360 days after the filing of the original complaint.").

Because Nelson sent his letter to the EEOC subsequent to the "conclusion of the investigation" it did not constitute an amendment to the complaint as contemplated by the applicable regulations.

considered exhausted. Opp. at 17–19, 22. "[A] lawsuit following an EEOC charge extends to claims that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Klotzbach-Piper.*, 373 F. Supp. at 185 (internal quotations and citations omitted). Nevertheless, "allegations of *other* types of discrimination are insufficient to exhaust his [religion and national origin] claims, even if they are grounded in the same or similar facts." *Jones*, 2019 WL 4673570, at *10.

In his complaint before this Court, Nelson brought categorically new types of claims—religious and national origin discrimination claims—that were not included in his formal EEO complaint. As explained above, each type of discrimination—retaliation, religion, and national origin—is afforded its own individual box on the EEO form. Yet, in his formal EEO complaint, Nelson indicated only retaliation and never amended his EEO complaint to include these new categories of claims. While "complaints to the [EEO] Commission are to be construed liberally since very commonly they are framed by persons unschooled in technical pleading," *Crawford*, 867 F.3d at 108 (cleaned up), the claimant must nonetheless have identified the discrete class of claims complained of to the agency before raising them in federal court, *see Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) ("A court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process."); *Hunt v. D.C. Dep't of Corr.*, 41 F. Supp. 2d 31, 36 (D.D.C. 1999) (holding that plaintiff failed to exhaust administrative remedies for a specific class of discrimination because she failed to "check the box" for that class of discrimination on EEO form even though she checked other class boxes); *Bailey v. Verizon Commc'ns, Inc.*, 544 F. Supp. 2d 33, 37 (D.D.C. 2008) ("If a plaintiff's EEOC charge makes a class of allegation altogether different from that which she later alleges when seeking relief in federal district court, she will have failed to exhaust administrative

remedies."). Although the Court construes Nelson's EEO complaint liberally, Nelson cannot avoid the fact that his formal EEO complaint explicitly failed to mention anything about religious or national origin discrimination either by checking the appropriate box or referring to such types of discrimination in the narrative description of his claims. *See generally* Mot. to Dismiss, Ex. 1. Accordingly, the Court holds that, taken at face value, it appears that Nelson failed to exhaust his national origin and religious discrimination claims.

### B. Equitable Tolling and Futility of Exhaustion

While Nelson failed to formally exhaust his national origin and religious discrimination claims, Nelson contends that those claims should be equitably tolled. Opp. at 22. A "plaintiff 'is entitled to equitable tolling … if []he shows (1) that []he has been pursuing h[is] rights diligently, and (2) that some extraordinary circumstance stood in h[is] way and prevented timely filing.'" *Ricci v. Kerry*, No. 11-CV-2185 RLW, 2013 WL 5329049, at *3 (D.D.C. Sept. 23, 2013) (citation omitted). Here, Nelson alleges that he discovered his national origin and religious discrimination claims after he appealed his claims to the EEOC and that he informed the agency of his new claims upon discovering them. Opp. at 22–25. These circumstances may justify equitable tolling. *See Bowden v. United States*, 106 F.3d 433, 438 (D.C. Cir. 1997) ("[C]ourts have excused parties, particularly those acting pro se, who make diligent but technically defective efforts to act within a limitations period."); *Singletary v. D.C.*, 225 F. Supp. 2d 43, 60 (D.D.C. 2002), *aff'd in part, rev'd in part and remanded*, 351 F.3d 519 (D.C. Cir. 2003) ("When the employee is excusably ignorant of the employer's discriminatory act *or the existence of a claim, [equitable tolling] may be invoked to toll the statutory period*.") (emphasis added); *Sellers v. Nielsen*, 376 F. Supp. 3d 84, 94 (D.D.C. 2019) ("[I]f an employee did not at the time know or

have reason to know that an employment decision was discriminatory in nature, the time limits for filing an administrative complaint may be tolled.").

Even if Nelson's claims may be equitably tolled, however, it is not certain that he may raise them in this Court without first filing them in a formal EEO complaint at DoS. "'Equitable tolling permits a plaintiff to avoid the bar of the limitations period if despite all due diligence []he is unable to obtain vital information bearing on the existence of h[is] claim.'" *Charles v. Brennan*, 174 F. Supp. 3d 97, 102 (D.D.C. 2016) (quoting *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C.Cir.1998)). Because Nelson never filed an EEO complaint alleging religious or national origin discrimination with DoS in the first instance, the "limitations period" relevant here is the deadline for initiating DoS's EEO process. *See* 29 C.F.R. 1614.105 & 1614.106; *Ficken v. Guzman*, No. CV 19-3281, 2021 WL 1166834, at *4 (D.D.C. Mar. 26, 2021) ("If a plaintiff fails to timely contact an EEO Counselor, he may assert equitable considerations as grounds for tolling the limitations period."). Accordingly, even if equitable tolling were to pause the EEO process limitations period, Nelson may be required to file a complaint with DoS alleging national origin and religious discrimination to exhaust his claims before filing those claims before the Court.[3]

Nelson, however, has also asserted that when he "raised [his national origin claim] for investigation" at DoS, "the Department noted it would take no action due to the existence" of the instant suit. Opp. at 22. This assertion raises the prospect that filing national origin and religious discrimination claims with DoS would be futile for Nelson. The futility exception to exhaustion

---

[3] Indeed, requiring Nelson to file equitably tolled claims with DoS before bringing a new suit before this Court would be consistent with the purpose of the EEO exhaustion requirement. *See Nyunt v. Tomlinson*, 543 F. Supp. 2d 25, 35–36 (D.D.C. 2008) (purpose of EEO process exhaustion is to "provide the agency with notice to investigate possible grounds of discrimination").

8

"excuses a party from exhausting administrative remedies where resort to the administrative process would be futile." *Housing Study Group v. Kemp*, 739 F. Supp. 633, 639 (D.D.C. 1990). And "[r]esort to the administrative process is 'futile' if 'the agency will almost certainly deny any relief either because it has a preconceived position on, or lacks jurisdiction over, the matter.'" *Id.* (citation omitted). Although Nelson does not specify the basis for DoS's refusal to act on his new claims,[4] the Court infers that DoS believed it would be required to dismiss Nelson's complaint under 29 C.F.R. § 1614.107(a)(3). Section 1614.107(a)(3) explains that "the agency shall dismiss an entire complaint: . . . That is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party." 29 C.F.R. § 1614.107(a)(3). Naturally, Nelson's national origin and religious discrimination claims in this suit are currently "the basis of a pending civil action," but it is less clear whether those claims would still require DoS to dismiss a newly filed EEO complaint if this Court were to first dismiss those claims without prejudice. If Nelson's claims were no longer the basis of a civil action and were left undecided by the Court, DoS may well be able to act on a new EEO complaint addressing those claims—meaning that filing before DoS would not be futile and the claims would be timely.

In summary, whether Nelson may pursue his unexhausted claims before this Court turns on whether those claims should be equitably tolled and whether it would be futile for Nelson to

---

[4] The Court observes that Nelson has not provided the emails he asserts he sent to DoS or provided DoS's response. If Nelson intends to rely on these factual assertions, it is advisable for Nelson to include these emails as exhibits to a supplemental briefing. *Housing Study Group*, 739 F. Supp. at 639 (Futility claims that are "conclusory and unsupported by the record" do not excuse exhaustion.).

raise those claims with DoS before raising them before the Court.  Given that neither party has fully briefed these issues, the Court believes that supplemental briefing is necessary and appropriate.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Secretary's Motion for Partial Dismissal without prejudice and directs the parties to file supplemental briefing within thirty days addressing whether and how equitable tolling and futility principles apply to Nelson's facially unexhausted claims.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  October 31, 2023                                                                       RUDOLPH CONTRERAS
                                                                                                                  United States District Judge